IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TEVARIUS GREEN                                                                                    PETITIONER

V.                                         CASE NO. 5:18-cv-00042 BRW-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                                       RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

For the reasons that follow, it is recommended that the Petition for Writ of Habeas Corpus (DE #1) be DISMISSED with prejudice.

## Procedural History

On December 14, 2014, a Mississippi County Circuit Court jury found Petitioner, Tevarius Green, guilty of capital murder in the shooting death of Daniel Goodwin. Petitioner received life without the possibility of parole in the Arkansas Department of Correction ("ADC"). On appeal, to the Arkansas Supreme Court, Petitioner argued the circuit court abused its discretion by admitting into evidence a photograph of the victim at the crime scene. On October 8, 2015, the Arkansas Supreme Court affirmed the conviction. *Green v. Arkansas*, 2015 Ark. 359, 471 S.W.3d 200.

Petitioner filed a Rule 37 petition on December 28, 2015, and amended petition thereafter. Following a hearing, the circuit court issued a ruling dismissing the petition on November 9, 2016. (DE #13-5) He sought to appeal the court's ruling, and filed a Notice of Appeal on December 5, 2016. He also filed an Affidavit in Support of Request to Proceed In Forma Pauperis. (DE #13-6) The Court determined Petitioner was not indigent and assessed an initial partial filing fee of twenty ($20) dollars. (DE #13-6) Petitioner subsequently abandoned appeal from the denial of his Rule 37 petition. Petitioner filed the instant federal habeas petition on February 14, 2018. In it, he states he abandoned his appeal because he could not afford to pay the filing fee. (DE #1) His points for reversal include: (1) ineffective assistance of trial counsel for failing to raise jurisdictional issues pursuant to the Interstate Agreement on Detainers; (2) ineffective assistance of trial counsel due to a conflict of interest; (3) ineffective assistance of trial counsel for failing to address DNA found on the victim; and (4) ineffective assistance of counsel for allowing the trial judge to include elements of "purposely" and "knowingly" in jury instructions.

Respondent filed her Response to the petition on June 29, 2018. (DE #13) She admits Petitioner is in her custody and has no non-futile state remedies available to him. However, Respondent contends, Petitioner is not entitled to a hearing or habeas relief because his claims are procedurally defaulted.

## Discussion

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to the appropriate state court, thereby alerting those courts to the

federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in the state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, the petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing O'Sullivan, 526 U.S. at 848).

The doctrine barring procedurally defaulted claims is not without exception. Under *Martinez*, Petitioner may establish cause to excuse default of some of his ineffective assistance of counsel claims if he lacked appointed counsel during the initial-review collateral proceeding. *Martinez v. Ryan,* 566 U.S. 1 (2012). To utilize this exception,

however, Petitioner must first demonstrate that his defaulted ineffective assistance of counsel claims have "some merit." *Martinez*, 566 U.S. at 14. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 15-16. This exception only applies to ineffective assistance of trial counsel claims, and is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014).

Here, Petitioner failed to present any of his arguments for one complete round of review by the state courts, so his claims are procedurally defaulted. His claims were not presented to the Arkansas Supreme Court for post-conviction review, thereby depriving the state's highest court of the opportunity to review the issues he is now raising in this habeas action. *Martinez* and its progeny apply only to defaults that occur in the *initial* post-conviction proceeding and provide "no support ... for the contention that the failure to preserve claims *on appeal from a post-conviction proceeding* can constitute cause." *Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir. 2012) (emphasis added) (*Martinez* not applicable to excuse default of ineffective-assistance claims that were litigated in initial-review post-conviction proceedings, but not preserved in the post-conviction appeal); *see Martinez,* 566 U.S. at 17 (its holding did not extend to defaults that occurred in other kinds of proceedings, "including appeals from initial-review collateral proceedings"). In this case, Petitioner

5

defaulted all of his claims by failing to perfect his appeal of the trial court's denial of post-conviction relief. Accordingly, all of Petitioner's habeas claims are procedurally defaulted and should be dismissed.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provide a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 28th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE